

**Stradley Ronon Stevens & Young, LLP**

100 Park Avenue

Suite 2000

New York, NY 10017

Telephone  212.812.4124

Fax  646.682.7180

www.stradley.com

**Adam J. Petitt**

Partner

apetitt@stradley.com

215.564.8130

December 13, 2022

**VIA ECF**

Hon. Stewart D. Aaron, U.S.M.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Rowe Plastic Surgery of Long Island, P.C., et al. v. Aetna Life Insurance Company,* **1:22-cv-9328-JPC-SDA**

Dear Judge Aaron:

  This firm represents Defendant, Aetna Life Insurance Company (incorrectly identified in the Complaint as "Aetna Health and Life Insurance Company") ("Aetna"), in the above-referenced matter. This Court scheduled an Initial Conference to be held on January 25, 2023. (ECF No. 10). Pursuant to Rules 26(c) and 6(b) of the Federal Rules of Civil Procedure, we write jointly with counsel to Plaintiffs to respectfully request a 60-day stay of all discovery and case management deadlines in this matter so that the parties can devote their full attention towards exploring a global resolution of this case and five (5) other substantively similar cases between the parties currently pending in this District.[1]

  By way of background, Lewin & Baglio, LLP represents 5 plastic surgery practices, including Plaintiffs, that, as of this writing, have filed a total of twenty-nine (29) cases against Aetna in various New York State Courts. Of those cases, Aetna—represented by Stradley Ronon Stevens & Young, LLP—has timely removed six (6) cases to the Southern District, where they are pending before a number of different District Court and Magistrate Judges, which have issued case management orders with various competing pretrial discovery deadlines.[2] Attached hereto as Exhibit 1 is complete list of the cases pending in this District and the assigned Judges.

---

[1] The parties are filing the same request for a 60-day stay in every case pending in federal court.

[2] Aetna removed fourteen (14) of the other pending cases to the Eastern District of New York and the parties are requesting similar relief there. The balance of cases will either be removed to this District or the Eastern District within the coming days, or remain in the New York State Courts because the amount in controversy is insufficient to confer diversity jurisdiction.

**Philadelphia, PA • Malvern, PA • Cherry Hill, NJ • Newark, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL**

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

Hon. Stewart D. Aaron
December 13, 2022
Page 2

During recent initial conferences before Judge Rochon, the Court granted a similar request from the parties and afforded additional time to explore potential resolution before engaging in lengthy and expensive pretrial discovery. In doing so, Judge Rochon recently issued case management orders affording the parties until January 23, 2023, within which to explore potential resolution before issuing a formal scheduling order setting pretrial discovery deadlines. Judge Rochon's Order further required that the parties advise the Court on their progress no later than January 23, 2023. Following those initial conferences with Judge Rochon, the parties agree that the best use of their and the Court's time and resources is to work collaboratively in exploring a global resolution of the pending cases. Accordingly, the parties are requesting this stay across all pending cases in this District and the Eastern District to facilitate that process.

Under Rule 26(c), a district court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is warranted, a district court may consider the following factors: (1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; (3) the risk of unfair prejudice to the party opposing the stay; (4) the nature and complexity of the action; (5) the posture of the litigation; and (6) whether some or all of the parties have joined in the request for a stay. *See Rivera v. Incorporated Village of Farmingdale*, No. 06-cv-2613-DRH-ARL, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007). A consideration of each of those factors establishes stay of this proceeding is appropriate.

In each of the cases, Plaintiffs are seeking additional payment from Aetna for services rendered to patients who received health insurance benefits through plans issued or administered by Aetna. Although these cases involve different patients, health benefits plans, dates of service, and, to a lesser extent, services rendered, the theories of relief are substantially similar such that a global resolution is feasible. Indeed, the parties have previously resolved a number of other similar lawsuits between them and jointly request this stay to focus their efforts to accomplish the same. Counsel to the parties have met and conferred and agree the most efficient way to explore and reach resolution is by devoting their full attention towards negotiating resolutions without the associated pressure and expense of complying with competing pretrial discovery deadlines.

Since the parties agree that a stay is the most efficient use of both the Court's and the parties' time and resources, there is no risk of unfair prejudice. Moreover, this case, like each case identified on Exhibit 1, is still in its relative infancy with an Initial Conference currently scheduled for January 25, 2023. Finally, during this stay period, the parties will necessarily engage in informal discovery that will, at a minimum, streamline further discovery in the litigation should the parties be unable to reach an amicable resolution. All factors weigh in favor of the Court granting a stay of all discovery and case management deadlines.

Accordingly, the parties jointly and respectfully request a 60-day stay of all discovery and case management deadlines, until February 10, 2023. At the conclusion of the 60-day stay period, the parties propose that, on or before February 10, 2023, they will jointly advise the Court of their progress and request a status conference to make any necessary revision to the case management schedule in the event resolution is not reached.

Hon. Stewart D. Aaron
December 13, 2022
Page 3

We thank the Court for its time and consideration of this request.

Respectfully Submitted,

/s/ Brendan Kearns
LEWIN & BAGLIO, LLP
Michael A. Baglio, Esq.
Brendan Kearns, Esq.
1100 Shames Dr., Suite 100
Westbury, New York 11590
(516) 307-1777
mbaglio@lewinbaglio.com
bkearns@lewinbaglio.com

*Attorneys for Plaintiffs Rowe Plastic Surgery of Long Island, PC & Norman Maurice Rowe, MD, MHA, LLC*

/s/ Adam J. Petitt
STRADLEY RONON STEVENS & YOUNG, LLP
Adam J. Petitt, Esq.
Robert J. Norcia, Esq.
100 Park Avenue, Suite 2000
New York, NY 10017
(212) 404-0659
apetitt@stradley.com
rnorcia@stradley.com

*Attorneys for Defendant Aetna Life Insurance Company*

CC:   All Counsel of Record (*via ECF*)

The request is granted. The Initial Pre-Trial Conference scheduled for January 25, 2023 is adjounred *sine die*, and the deadline to submit a joint status letter and proposed case management plan and scheduling order is extended *sine die*. By February 13, 2023, the parties shall submit a joint status letter updating the Court on the progress of settlement negotiations and proposing a subsequent course of proceeding. No discovery shall take place in this case prior to the submission of that letter.

SO ORDERED
Date: December 14, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

Hon. Stewart D. Aaron
December 13, 2022
Page 4

## EXHIBIT 1

| Caption & Docket Number | District Court Judge | Magistrate Judge | Case Status |
|---|---|---|---|
| Rowe Plastic Surgery of New Jersey, L.L.C. & Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Health and Life Insurance Company, 1:22-cv-7900-ER-OTW | Hon. Edgardo Ramos | Hon. Ona T. Wang | No conference scheduled; Answer filed 10/24/2022 (ECF No. 7) |
| Norman Maurice Rowe, M.D., M.H.A., L.L.C. & East Coast Plastic Surgery, P.C. v. Aetna Health and Life Insurance Company, 1:22-cv-8713-JLR-JLC | Hon. Jennifer L. Rochon | Hon. James L. Cott | Case Management Order entered 11/29/2022 |
| Rowe Plastic Surgery of New Jersey, L.L.C. & Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Health and Life Insurance Company, 1:22-cv-8991-JLR-OTW | Hon. Jennifer L. Rochon | Hon. Ona T. Wang | Case Management Order entered 11/29/2022 |
| Rowe Plastic Surgery of Long Island, P.C. & Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Life Insurance Company, 1:22-cv-9328-JPC-SDA | Hon. John P. Cronan | Hon. Stewart D. Aaron | Initial Conference scheduled 1/25/2023 (ECF No. 10) |
| Norman Maurice Rowe, M.D., M.H.A., L.L.C. & East Coast Plastic Surgery, P.C. v. Aetna Health and Life Insurance Company, 1:22-cv-9427-AT-SN | Hon. Analisa Torres | Hon. Sarah Netburn | No conference scheduled; Joint Discovery Plan Due 2/8/2023 (ECF No. 6) |
| Norman Maurice Rowe, M.D., M.H.A., L.L.C. & East Coast Plastic Surgery, P.C. v. Aetna Health and Life Insurance Company, 1:22-cv-10473 | *Not assigned* | *Not assigned* | No conference scheduled; Removed from state court on 12/12/2022 (ECF No. 1) |