UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
ROWE PLASTIC SURGERY OF LONG ISLAND,          :
P.C. & NORMAN MAURICE ROWE, M.D.,             :    Case No. 1:22-cv-9328(JPC)
M.H.A., LLC,                                  :
                                              :
                    Plaintiffs,               :    CONFIDENTIALITY
         v.                                   :    STIPULATION AND ORDER
                                              :
AETNA LIFE INSURANCE COMPANY,                 :
                                              :
                    Defendant.                :
------------------------------------------------------------- x
```

It appearing that discovery in the above captioned action (hereinafter the "Litigation") is likely to involve documents containing private health information protected by state and federal laws, or other information that may be produced in discovery subject to appropriate limitations;

And it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' and unrepresented non-parties' legitimate proprietary interests will result should this Order not be entered;

And it appearing further that the discovery of confidential health information is implicated by Plaintiffs' claims in this action, and this Confidentiality Stipulation and Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis, *see* 45 C.F.R. §164.512(e)(1)(ii);

And the parties having agreed that it is necessary to establish common procedures to limit the necessity for objections or subsequent motions seeking to limit discovery and/or the use of such information, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other uses of this information;

IT IS on this ORDERED as follows:

1.      Any party to this litigation shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing, relating to the administrative record in this matter that contains private or confidential personal information.  Any party to this litigation or any third party covered by this Order, who produces or discloses any "Confidential material," including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.      All Confidential or Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and

until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on their evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

      a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

      b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.      The Court and court personnel;

      e.      Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

      f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court

reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.      The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5.      Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.      Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions, who shall not make further disclosure to anyone except as allowed by this Order:

a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.      Outside experts or consultants retained for purposes of this action, provided they have signed Exhibit A attached hereto.

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure, provided they have signed Exhibit A attached hereto, and provided that if Attorneys' Eyes Only is first disclosed to a deponent during a deposition, the deponent shall promptly execute Exhibit A;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearing including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request.

7.    Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a)

outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.      With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

9.      If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

            a.      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is

Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b.      If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10.    All requests to seal documents filed with the Court shall comply with the Southern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://nysd.uscourts.gov/programs/records/sealed.

11.    If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

12.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality,

either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Stipulation and Order.

13.     When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Attorneys' Eyes Only material under this Confidentiality Stipulation and Order.

15.     This Confidentiality Stipulation and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality

Stipulation and Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16.     This Confidentiality Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Stipulation and Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief. To the extent a party or original source requests that Confidential or Attorneys' Eyes Only material be destroyed, the material shall be destroyed within thirty days of receipt of a written request for destruction. The party destroying the Confidential or Attorneys' Eyes Only material shall, within thirty days of the destruction of the material, serve written notice upon the party or original source requesting the destruction that all of the material has been destroyed.

_/s/ Brendan Kearns_

LEWIN & BAGLIO, LLP
Michael Baglio, Esq.
Brendan Kearns, Esq.
1100 Shames Dr., Suite 100
Westbury, New York 11590
(516) 307-1777
mbaglio@lewinbaglio.com
bkearns@lewinbaglio.com

_Attorneys for Plaintiffs_

_/s/ Adam J. Petitt_

ROBINSON & COLE, LLP
Adam J. Petitt, Esq.
666 Third Avenue, 20th Floor
New York, New York 10017
(212) 451-2968
apetitt@rc.com

_Attorneys for Defendant_

SO ORDERED, with the further caveat that paragraph 10 of this Stipulation and Order does not excuse the parties from their obligation to comply with sections 4.A-B of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings:

Dated:   July 20, 2023
New York, New York

_____

JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------- x
ROWE PLASTIC SURGERY OF LONG ISLAND,      :
P.C. & NORMAN MAURICE ROWE, M.D.,          :   No. 1:22-cv-9328-JPC-SDA
M.H.A., LLC,                               :
                                           :   Filed Electronically
                    Plaintiffs,            :
       v.                                  :   AGREEMENT TO BE BOUND
                                           :   BY CONFIDENTIALITY
AETNA LIFE INSURANCE COMPANY,              :   STIPULATION AND ORDER
                                           :
                    Defendant.             :
-------------------------------------------------------------- x
```

I, _____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is _____ and the address of my present employment is _____.

3.    My present occupation or job description is _____ _____.

4.    I have carefully read and understood the provisions of the Confidentiality Stipulation and Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Stipulation and Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation and Order any Confidential or Attorneys' Eyes Only Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.    I will limit use of Confidential or Attorneys' Eyes Only Material disclosed to me solely for purpose of this action.

7.    No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        Name: _____